IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EFREM STUTSON, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CV NO. 07-CO-8001-S |
| ) | CR NO. 93-CO-152-S |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

MEMORANDUM OF OPINION

On January 11, 2007, Efrem Stutson filed a pleading entitled "Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2255 ¶ 6 (2) & (3) and ¶ 8 (2)." Stutson acknowledges that this is a successive petition. By relying on Title 28 U.S.C. § 2255 ¶ 6 (2) & (3), Stutson argues that the statute of limitations began to run with the recent Supreme Court decision of *House v. Bell*, ___ U.S. ___ , 126 S.Ct. 2064, 165 L.Ed.2d 1(2006). This court has already entertained one § 2255 motion filed by Stutson. See CV01-CO-8005-S. Whether Mr. Stutson could now file his first § 2255 motion and not be barred by the one year statute of limitations is not at issue. Rather, the issue is whether this court can consider Mr. Stutson's second clearly successive petition. Section 2255 clearly provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

It does not appear that Stutson has moved in the Eleventh Circuit Court of Appeals for an order authorizing this court to consider this admittedly successive petition. The Eleventh Circuit has not notified this court that it has jurisdiction to consider the successive petition.

In *Hill v. Harper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied,* 520 U.S. 1203 (1997) the Eleventh Circuit held that in cases in which petitioner has not applied to the appellate court for permission to file a second habeas petition the district court lacks jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A) to consider petitioner's request for relief.  See also, *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir.2005), *citing Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir.2003) (Absent authorization, this court lacks jurisdiction to consider a second or successive § 2255  motion).

This action is due to be dismissed for lack of jurisdiction.  A separate order consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 23rd day of January 2007.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

2